UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JO ANN ZEPHER,<br><br>       Plaintiff,<br><br>   v.<br><br>KAISER FOUNDATION HOSPITAL;<br>and KIMBERLY LAURENSON, M.D.,<br><br>       Defendants. | No.   2:14-cv-02540 JAM EFB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT KFH'S MOTION TO DISMISS** |

Defendant Kaiser Foundation Hospitals ("Defendant KFH") moves to dismiss Plaintiff Jo Ann Zepher's ("Plaintiff") First Amended Complaint ("FAC") (Doc. #13).  Plaintiff opposes Defendant's motion (Doc. #22) and Defendant filed a reply (Doc. #26).  As noted in the Court's May 11, 2015 minute order (Doc. #25), only those arguments contained in the first fifteen pages of Defendant KFH's motion will be considered (thus Defendant KFH's arguments in support of its motion to dismiss the fourth, fifth and sixth claims for relief have not been considered). For this reason, Defendant KFH's motion with respect to these three claims is denied. For the reasons discussed below, the motion to dismiss the first, second, third and seventh claims for relief is

1

granted in part and denied in part.[1]

The Court also notes that in filing a seven page reply, Defendant KFH again failed to comply with the Court's "Order re: Filing Requirements" (Doc. #6) which requires that replies be limited to five pages. As this filing exceeds the page limit by one page (not including the cover page, which is numbered but contains no text), Defendant's law firm, Davis Wright Tremaine, LLP is sanctioned $50.00. Davis Wright Tremaine, LLP is ordered to pay this amount to the Clerk of the Court within 14 days of this Order.

I.  FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff was hired to work "in the nutrition unit at the Kaiser Hospital on Morse Avenue in Sacramento, California, in 1990." FAC ¶ 11. Until 2008, Plaintiff received "good reviews" and "positive evaluations." FAC ¶ 11. During all times relevant to the complaint, Plaintiff was supervised by either Defendant Harrison or Defendant Rosenberg. FAC ¶ 12. In 2008, Defendant KFH allegedly "put a policy into effect to cause its long time employees to retire or be terminated." FAC ¶ 12. Plaintiff alleges that this policy was accomplished, in part, through "pretextual write ups," which included:

- In March/April 2009, Defendant Harrison "gave plaintiff a note stating there were complaints regarding meal service times. Plaintiff and only she was instructed

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for May 20, 2015.

    to be on the floor at 7:30 am.  Plaintiff replied that she would not accept the discriminatory note unless everyone else in the department was getting the same note.  Plaintiff contends she was being harassed because she was singled out undeservedly for this requirement."  FAC ¶¶ 13, 23

- On April 23, 2009, Plaintiff "received a written memo stating Harrison wanted to meet with her and a Shop Steward to investigate some alleged irregularities. Plaintiff replied saying defendant Harrison had been harassing her for more than a year, and she did not want to meet with him.  He labeled that as insubordination."  FAC ¶ 24.

- In July 2009, Plaintiff "received a warning for alleged insubordination from another incident."  FAC ¶ 24.

- On September 16, 2009, "during a meeting, Harrison kicked plaintiff on the leg.  He said he did not mean it.  When she was out sick the next day, because the meeting and the battery had been so stressful, Harrison called her at home and demanded a doctor's note regarding her absence."  Similar proof was not required of other employees who called in sick.  FAC ¶ 25.

- In October 2009, Defendant Harrison "complained plaintiff was five minutes late, but on the same day a male employee was 45 minutes late and drew no criticism.  That male and other employees commonly came in late, without receiving negative comments."  FAC ¶ 26.

3

1       - On October 27, 2009, Plaintiff received "her first poor
2         evaluation," which she considered to be in retaliation
3         for a complaint she had filed with the Department of
4         Fair Employment and Housing.  FAC ¶ 26.
5       - Defendant Harrison "had called her into his office 10
6         times to take up one issue or another, being
7         hypercritical about minor matters."  FAC ¶ 27.  He also
8         "subjected plaintiff to angry outbursts."  FAC ¶ 27.
9       - On November 10, 2009, Plaintiff was "suspended for one
10        day based on another claim of insubordination."
11        FAC ¶ 27.
12  In January 2010, Plaintiff filed a written complaint with Human
13  Resources.  FAC ¶ 27.  She alleges that the "harassment and
14  retaliation continued throughout the remainder of her employ"
15  with Defendant KFH.  FAC ¶ 27.
16      Sometime between 2010 and 2013, Defendant Harrison was
17  replaced by Defendant Rosenberg.  FAC ¶ 30.  By September 2013,
18  the "scrutiny and unearned complaints about minor matters had
19  become almost constant."  FAC ¶ 30.  Plaintiff's harassment
20  included the following actions:
21      - "Plaintiff was asked impermissible non-job related
22        personal questions."  FAC ¶ 30.
23      - Plaintiff was asked to "explain why she was standing
24        where she was and not somewhere else; why she did or
25        did not do something; and told to do a task one way and
26        then told to do it another way by someone different."
27        FAC ¶ 31.
28      - Plaintiff was "interrupted at lunch, watched

4

    incessantly and her workplace conversations were
    monitored.  Other employees were told not to talk to
    her when they came to the department.  She was called
    into the office and told she was a negative person and
    that is why no one likes her." FAC ¶ 31

- When other employees were off work, Plaintiff was "required to do their work in addition to her own," despite the fact that "there was a roving replacement available." FAC ¶ 31.
- Plaintiff was "required to have a doctor's note when she called in sick even though her file showed she had a chronic illness." FAC ¶ 31.
- Defendant Rosenberg "criticized her fingernails" and "took issue regarding how and when she washed her hands." FAC ¶ 32.

Plaintiff alleges that, as a result of this treatment, she was "constructively terminated on December 20, 2013, when she was 61 years old and forced to retire or be fired." FAC ¶ 20. Specifically, Plaintiff alleges that the repeated "false and pretextual" complaints "caused plaintiff to believe she would be fired (as she saw happening to other senior employees) if she did not accept the retirement package." FAC ¶ 20. Plaintiff alleges that the harassment was "based in whole or in part upon her age." FAC ¶ 20. She also alleges that these actions had "racial overtones." FAC ¶ 17.

  Plaintiff further alleges that, in early 2013, Defendant Laurenson, a "Kaiser physician," failed to "identify, follow up or diagnose the dark shadow in plaintiff's lung as cancer." FAC

5

¶ 44.  Plaintiff alleges that this "failure to diagnose and treat plaintiff timely was below the standard of care expected of physicians," and resulted in the surgical removal of Plaintiff's lung, which might have been avoided by an earlier diagnosis.  FAC ¶ 45.

On February 17, 2015, Plaintiff filed the FAC in this Court. The FAC includes the following causes of action: (1) "discrimination and constructive termination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") by Kaiser"; (2) discrimination and retaliation by Frank Harrison"; (3) "discrimination and retaliation by Jeremy Rosenberg"; (4) "constructive termination in violation of public policy"; (5) "discrimination based upon race"; (6) "intentional/ negligent infliction of emotional distress"; and (7) "medical negligence."

## II.   OPINION

### A.   First Cause of Action

Defendant KFH argues that that Plaintiff's first cause of action for "discrimination and constructive termination in violation of ADEA by Kaiser" must be dismissed for the following reasons: (1) Plaintiff's allegations are conclusory; (2) Plaintiff has failed to identify KFH's discriminatory conduct; and (3) Plaintiff has failed to properly plead constructive discharge.  Mot. at 11-12. Plaintiff responds that, at this stage, "detailed factual allegations are not required." Opp. at 2.

To establish a prima facie case of age discrimination in violation of the ADEA, "a plaintiff must allege in her complaint

that: (1) she was at least forty years old; (2) she was performing her job satisfactorily; (3) she was discharged; and (4) she was either replaced by a substantially younger employee with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an inference of age discrimination." Sheppard v. David Evans & Assoc., 694 F.3d 1045, 1049 (9th Cir. 2012) (internal marks and citations omitted).  A "voluntary" resignation or retirement may constitute a "constructive discharge" if the "working conditions deteriorate, as a result of discrimination, to the point that they become sufficiently extraordinary and egregious to overcome the normal motivation of a competent, diligent, and reasonable employee to remain on the job to earn a livelihood and to serve his or her employer." Brooks v. City of San Mateo, 229 F.3d 917, 930 (9th Cir. 2000) (internal marks and citations omitted); see also, Watson v. Nationwide Ins. Co., 823 F.2d 360, 361 (9th Cir. 1987) (noting that constructive discharge has occurred where conditions are "so intolerable and discriminatory as to justify a reasonable employee's decision to resign").  For purposes of establishing a prima facie case of age discrimination, an inference of discrimination can be shown by alleging that "others not in [the] protected class were treated more favorably." Diaz v. Eagle Produce Ltd. P'ship, 521 F.3d 1201, 1207 (9th Cir. 2008).

Here, Plaintiff alleged that she was 61 years old at the time of her constructive termination. FAC ¶ 20.  She alleged that she was "an exemplary employee with good reviews prior to the commencement of the harassment" and that she "performed her

1    jobs with skill and dedication." She further alleged that she
2    was constructively discharged due to Defendant KFH's continued
3    harassment of her through "false and pretextual" disciplinary
4    write-ups.  As summarized above in the "Factual and Procedural
5    Background" section, these pretextual complaints were continuous
6    and pervasive, and, taking the allegations as true, their
7    cumulative effect could "justify a reasonable employee's
8    decision" to retire.  Watson, 823 F.2d at 361.  Finally,
9    Plaintiff alleges that she was singled out for this treatment,
10   and that other, non-protected employees were not subject to the
11   same pretextual complaints.  See FAC ¶¶ 23, 25, 26.  Thus,
12   Plaintiff has adequately alleged all four elements of a prima
13   facie case of age discrimination.
14        Contrary to Defendant KFH's argument, Plaintiff's
15   allegations are not conclusory.  As noted above, Plaintiff
16   specifically alleges a number of incidents – primarily pretextual
17   disciplinary write-ups – to support her age discrimination claim.
18   Similarly, Defendant KFH's argument that Plaintiff has not
19   identified the nature of KFH's discriminatory conduct fails.
20   Mot. at 11.  Plaintiff's first cause of action is labeled
21   "discrimination and constructive termination in violation of
22   ADEA[.]"  Although Plaintiff's allegations may not be a model of
23   clarity and precision, the allegations within the first cause of
24   action are sufficiently clear to put Defendant KFH on notice of
25   the nature of the age discrimination claim against it.  Unlike
26   her second and third causes of action (discussed below),
27   Plaintiff's first cause of action identifies supporting legal
28   authority (the ADEA), the form of the claim (constructive

1    termination), and the defendant against whom the claim is brought
2    (Defendant KFH).  Finally, Defendant KFH's argument that
3    constructive discharge is "implausible" because Plaintiff worked
4    at KFH for five years before retiring is unpersuasive.  Mot. at
5    13.  As with any case of continuing conduct, the potential
6    cumulative effect of ongoing harassment may explain why an
7    employee did not immediately quit after the first discriminatory
8    incident.  For all of these reasons, Defendant KFH's motion to
9    dismiss Plaintiff's first cause of action is denied.
10        B.   <u>Second and Third Causes of Action</u>
11        Defendant KFH argues that Plaintiff's second and third
12   causes of action for "racial discrimination and retaliation" must
13   be dismissed because she has failed to plead a "short and plain
14   statement" showing that she is entitled to relief.  Mot. at 14
15   (citing Fed. R. Civ. P. 8(a)(2)).  Specifically, Defendant notes
16   that "[t]he allegations in these claims for relief do not
17   identify any legal basis for the claims, for example, Title VII,
18   ADEA, FEHA, etc."  Plaintiff responds that she "believes it was
19   clear she brings these claims under Federal Civil Rights law and
20   the California Government Code Sections 12940, et seq."  Opp. at
21   2.
22        Rule 8 of the Federal Rules of Civil Procedure ("FRCP")
23   provides that a pleading must contain "a short and plain
24   statement of the claim showing that the pleader is entitled to
25   relief."  Fed. R. Civ. P. 8(a)(2).  This requirement operates, in
26   part, to ensure that a defendant has notice of the legal claims
27   being brought against it, so that it may effectively defend
28   itself.

9

The allegations in Plaintiff's second and third causes of action do not satisfy the "short and plain statement" requirement included in Rule 8. As argued by Defendant KFH, Plaintiff's failure to identify the legal bases of her claims "makes a substantial difference" in the context of racial discrimination, where a variety of forms of racial discrimination are actionable. Mot. at 14. For example, a plaintiff may sue for adverse action discrimination, in which case she must establish that she suffered an adverse employment action, such as termination or a demotion. Peterson v. Hewlett-Packard Co., 358 F.3d 599, 603 (9th Cir. 2004). Alternatively, a plaintiff may sue for racial harassment or a hostile work environment, in which case the absence of a discrete adverse employment action is not fatal to her claim, but she must establish that the harassment was "sufficiently severe or pervasive to alter the conditions of the victim's employment[.]" McGinest v. GTE Serv. Corp., 360 F.3d 1103, 1113 (9th Cir. 2004). Additionally, a plaintiff may sue for retaliation, which requires a protected act, an adverse employment action, and a causal link between the two. Id. at 1124. Plaintiff's failure to identify which form or forms of discrimination she suffered – and failure to specifically allege the elements of each particular form of discrimination – complicates Defendant KFH's task in answering the allegations, and makes it nearly impossible for the Court to evaluate the sufficiency of her allegations.

Plaintiff has also failed to clearly identify which defendant she seeks to hold liable in these causes of action. Although the second claim is for "discrimination and retaliation

by Frank Harrison" and the third claim is for "discrimination and retaliation by Jeremy Rosenberg," it is unclear whether she is suing Defendant KFH for the *conduct* of Harrison and Rosenberg, or, rather, is suing Harrison and Rosenberg as individuals. This is an important distinction, and shapes the direction the case may take. See <u>Chinea-Varela v. Columbia Broad. Sys., Inc.</u>, 4 F. App'x 404, 405 (9th Cir. 2001) (noting that individual defendants cannot be sued for discrimination or retaliation under Title VII). Plaintiff's failure to identify "which claims are asserted against which defendants" runs afoul of Rule 8. <u>McNeil v. Home Budget Loans</u>, 2010 WL 1999580, at *2 (C.D. Cal. May 13, 2010).

For all of these reasons, Defendant's motion to dismiss Plaintiff's second and third causes of action is granted with leave to amend. (As Defendant KFH's Rule 8 argument is dispositive on these claims, the Court does not reach Defendant KFH's other arguments regarding these claims.)

    C.    <u>Seventh Cause of Action</u>

Defendant KFH argues that the seventh cause of action for medical negligence must be dismissed because the Court lacks subject matter jurisdiction over this claim. Mot. at 10. Specifically, Defendant argues that the claim against Defendant Laurenson "does not arise out of the same facts, events or transactions as the employment related claims." Mot. at 10. Plaintiff notes that "she is not opposed to moving the medical malpractice claim to the State Court." Opp. at 1. Of course, given the procedural posture of this motion to dismiss, a dismissal would not "mov[e] the medical malpractice claim to the State Court," but, rather, would remove it from the present

11

1  lawsuit.
2       28 U.S.C. § 1367(a) provides that, "in any civil action of
3  which the district courts have original jurisdiction, the
4  district courts shall have supplemental jurisdiction over all
5  other claims that are so related to claims in the action within
6  such original jurisdiction that they form part of the same case
7  or controversy under Article III of the United States
8  Constitution."  28 U.S.C. § 1367(a).  In other words, a Court may
9  exercise supplemental jurisdiction over a state law claim,
10 provided that it forms "part of the same case or controversy" as
11 the federal law claims.  Id.
12      As noted by Defendant KFH – and as Plaintiff appears to
13 concede – the medical negligence claim against Defendant
14 Laurenson arises from an entirely separate set of facts than
15 Plaintiff's employment-based claims.  The sole connecting fact –
16 which Defendant disputes but must be accepted as true at this
17 stage in the litigation – is that Defendant KFH employed
18 Defendant Laurenson. FAC ¶ 44.  Even so, the connection between
19 Plaintiff's employment-based claims and her medical negligence
20 claim is far too attenuated to support the exercise of
21 supplemental jurisdiction under 28 U.S.C. § 1367(a).  As
22 Plaintiff's seventh cause of action is not "part of the same case
23 or controversy" as Plaintiff's federal law claims, Defendant's
24 motion to dismiss for lack of subject matter jurisdiction is
25 granted.  See U.S. ex rel. Giles v. Sardie, 191 F. Supp. 2d 1117,
26 1121 (C.D. Cal. 2000) (noting that "dismissal of a complaint for
27 lack of subject matter jurisdiction is *without prejudice* and the
28 plaintiff may still seek relief in another forum") (emphasis in

12

original).

### III.  ORDER

For the reasons set forth above, Defendant's Motion to Dismiss is DENIED with regard to Plaintiff's first, fourth, fifth and sixth causes of action, GRANTED WITH LEAVE TO AMEND with regard to Plaintiff's second and third causes of action, and GRANTED WITHOUT PREJUDICE with regard to Plaintiff's seventh cause of action.  If Plaintiff chooses to file an amended complaint, she must do so within 20 days of this order. Defendants' responsive pleading must be filed within 20 days thereafter.  If Plaintiff chooses not to file an amended complaint, the case will proceed consistent with this order.

IT IS SO ORDERED.

Dated: May 27, 2015

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE